

FILED

JUL 3 1 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

UNITED STATES OF AMERICA

v.

CRIMINAL NO. *1:07-00140*
21 U.S.C. § 846
18 U.S.C. § 1956(h)

JERRY HEADEN

# I N F O R M A T I O N

The United States Attorney Charges:

## COUNT ONE

From at least 2005 to on or about July 24, 2007, at or near Havaco and Welch, McDowell County, West Virginia, and Bluefield, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant JERRY HEADEN and other persons whose identities are both known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of oxycodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

1. From at least 2005 to on or about July 24, 2007, at or near Havaco and Welch, McDowell County, West Virginia, and Bluefield, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant JERRY HEADEN and other persons whose identities are both known and unknown to the United States Attorney, did knowingly conspire to commit offenses against the United States, to wit: knowingly to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute quantities of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, while knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and also while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### MANNER AND MEANS OF THE CONSPIRACY

2. It was a part of the conspiracy that defendant JERRY HEADEN and others known and unknown to the United States Attorney would and did engage in a specified unlawful activity, that is, conspiracy to distribute controlled substances in the Southern District of West Virginia and elsewhere, in violation of 21 U.S.C. § 846.

3. It was further a part of the conspiracy that defendant JERRY HEADEN, together with other persons known and unknown to the United States Attorney, would and did conduct, attempt to conduct, and cause to be conducted numerous financial transactions in and affecting interstate commerce which involved the proceeds of the specified unlawful activity and which defendant knew represented the proceeds of some form of unlawful activity.

4. It was further a part of the conspiracy that defendant JERRY HEADEN, together with other persons  known and unknown to the United States Attorney, would and did conduct, attempt to conduct, and cause to be conducted these financial transactions with the intent to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

5. It was further a part of the conspiracy that defendant JERRY HEADEN would and did file false and fraudulent income tax returns, or no income tax returns at all, in order to hide the true sources and amounts of his income, which included substantial income from the specified unlawful activity.

6. It was further a part of the conspiracy that defendant JERRY HEADEN would and did attempt to hide the true nature, source, location, ownership and control of the proceeds of the specified unlawful activity by purchasing assets, and by making materially false statements about income and employment.

In violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

In accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendant JERRY HEADEN of a violation of Subchapter I of Title 21, United States Code, as set forth in this Information, the defendant shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

UNITED STATES OF AMERICA

CHARLES T. MILLER
United States Attorney

By:  _____
MILLER A. BUSHONG III
Assistant United States Attorney

Filed:   July 31, 2007